SHANNON, Judge.
This is an appeal- by the plaintiffs from the entry of a Summary Decree in the court below. Glenn L. Berry and Palmer First National Bank and Trust Company of Sarasota were co-executors of the Estate of Barbara Comstock, deceased, and’as such executors entered into a contract' with the plaintiffs on March 11,1958, which provided in part as follows:
“Provided Always and -This Agreement Is upon the Express Condition That:
(a) The Sellers agree to present, by petition, to the County Court of Manatee County, Florida, the foregoing offer of the Purchasers within' a period of fourteen (14) days from the date hereof, and at such time either obtain the approval or disapproval of the Court to *688 the offer of the Purchasers. In the event the Court disapproves of said offer, the Sellers shall immediately re-return the binder deposit in the amount of $3,125.00 to the Purchasers and then and thereafter this Agreement shall be null, void and of no further force and effect and the parties hereto shall be completely and fully discharged and exonerated from any and all obligations hereunder. In the event such Court approves the offer of the Purchasers to purchase the property described herein on the terms herein set forth, then and thereafter the Sellers shall commence performance of the convenants of this Agreement for them to perform.
“(b) In the'event the Sellers shall receive an offer to purchase the property herein described prior to approval by the County-Judge as above set forth for a sum greater than the amount set forth herein then the Sellers shall, without undue delay, notify the Purchasers and, at their option and request, return the binder deposit in escrow heretofore paid by such Purchasers to the Sellers in escrow.”
After having entered into this agreement Glenn L. Berry as Co-executor signed a memorandum with E. J. Pirman that provided in part as follows:
“Whereas, the provisions of Paragraph 3(b) may be uncertain;
“Witnesseth That the said Glenn L. Berry, as such co-executor aforesaid does hereby acknowledge that in the event the Sellers shall receive a higher offer for the property therein described, the Purchasers at their option may either request the return of their binder deposit or increase their offer for such property.”
On Friday, March 21, 1958 the defendant Berry notified Mrs. Pirman that the co-executors had received an offer from a third party for a higher price than the one involved in the contract, and he stated to her that the offer made was $35,000.00 and that he would confirm this by letter. Mr. Pirman on the 21st day of March, 1958, called on Richard M. Jackson, Trust Officer of the Palmer. First National Bank and Trust Company, where he was advised of the offer of $35,000.00 and read the contract containing such offer. On Tuesday, March 25, 1958, the defendant appeared before the County Judge at 2:00 P.M. At that time Pirman was present with an attorney. The purpose of the hearing was to present the offer of $35,000.00 to the County Judge for approval. Pirman at that time offered a figure of $33,250.00. The Probate Judge declined to approve the sale for $35,000.00 and entered an order on the 25th day of March, 1958, in which he stated, “and it further appearing to the Court that Ernest J. and Ruth D. Pirman may be desirous of submitting a further and better offer for the purchase of said property than that of Edna W. Iler described in said petition, and it appearing to the Court that it is in the best interest of the estate to postpone the sale of such property in order to give all parties desiring to purchase said property an opportunity to submit a further offer for the purchase thereof,” and he decreed “that the petition for authorization to sell such property be and the same is hereby denied without prejudice to petitioners to submit a further petition for the sale of said property after a further opportunity of parties interested in purchasing the same to make a further offer or offers thereon.”
Mr. Berry, after the County Judge had declined the bids, announced that “he elected to proceed under the type of Procedure which he followed of sealed bids deposited with the Court; and he made an appointment at that time.” After hearing, the County Judge set a hearing in his office at 2:00 P.M. Thursday, March 27, 1958. On March 27th in the morning plaintiffs filed the present suit. Also on March 27th the third party, Iler, had deposited her sealed bid in the Probate Court in the amount of $38,015.00, which would have netted the Estate $33,500.00. At the hearing on March 27th the Probate Court approved the Iler *689 offer subject to the outcome of the present litigation, which was then pending in the Circuit Court and was called to the attention of the County Judge by a telephone call from one of plaintiff’s attorneys.
In the present suit the complaint seeks in-junctive relief and a decree declaring the duties of the defendant under the contract. Only the construction of the contract and the duties of the parties thereunder are here involved. In support of the motion for summary decree were numerous depositions and affidavits.
The summary decree from which this appeal is taken finds that:
“A higher offer was received by the seller, to wit, the defendants, within the time prescribed in the said contract, to wit, on March 19, 1958, which resulted in a firm contract dated March 19, 1958, and received by the defendants on March 20, 1958, and notice was given to the plaintiffs in accordance with sub-paragraph (b) of Paragraph 3 of the contract, to wit, at 10:15 A.M. on March 21, 1958; that the Court finds that the contract between the parties does not prescribe a time within which the plaintiffs were to submit an increased bid upon receipt of information of a higher bid by a third party and the Court construes such agreement to mean that the plaintiffs would have a reasonable time within which to submit an increased bid; the Court finds that the plaintiffs did not submit an increased bid until after 2:00 P.M. on March 25, after the defendants had submitted a petition to the County Judge of Manatee County, Florida, for approval of the sale of the property to a third party, to wit, the said Iler; the Court finds that the plaintiffs did not avail themselves of their rights under the contract but waited beyond a reasonable time within which to submit an increased bid.”
Plaintiffs in their brief and in their argument emphasize that the Co-executors had the authority and the power under the Will to effect a private sale of the property, but they overlooked the fact that by their Agreement they had provided that the contract as a whole was to be submitted to the Probate Court for approval not only of the purchase price but also of the entire contract. However, after reading the entire record it is perfectly obvious that the Probate Court was interested only in the net amount that would go to the Estate. Pir-man and his wife had notice that they had been overbid the evening of March 21st and they did nothing about it until the hearing before the County Judge at 2:00 P.M. on March 25th, at which time there was a petition before the County Judge asking for approval of the Iler offer. The County Judge declined to approve the Iler offer. Of course, the plaintiffs wanted to obtain the property for the least amount but at the same time the County Judge, looking to the interest of the Estate, had decreed that he would not approve the Iler offer, which was more than the amount offered by the plaintiffs, and necessarily he would not have approved plaintiffs’ offer. At the hearing before the County Judge all parties, including plaintiff, were then advised that the Court would take sealed bids, and the hearing was continued until March 27th.
The plaintiffs take the position that in construing the terms of the agreement herein the Court should construe it, if it is ambiguous, against the party drawing the agreement or choosing the language therein. However, we hold that the contract is not ambiguous and that it should be construed, taking the whole agreement, in its most reasonable interpretation. 7 Fla. Jur., Contracts, § 84. Accordingly, the construction given to the contract by the chancellor was correct and his entry of the final decree should be sustained.
Affirmed.
ALLEN, Acting Chief Judge, and SANDLER, HARRY N., Associate Judge, concur.